[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The marriage of the parties was dissolved by the court pursuant to a stipulated judgment on August 11, 2000. The judgment provided that the defendant would pay the plaintiff alimony of $100.00 per week for two years, and then $50.00 per week for an additional five years. Alimony was non-modifiable as to term and duration. It also provided that the parties would equally divide the husband's SBC stock options, a total of 878 shares with an option price of $22.21 per share. Finally, the judgment CT Page 9490 provided that the wife would receive fifty percent of the husband's 401 k plan which was listed on his financial affidavit as having a fluctuating value that equaled $210,000.00 at the time of the divorce. When the administrator of the 401 k plan was unable to calculate the distribution required by Judge Robaina's Qualified Domestic Relations Order dated October 31, 2001, the parties negotiated a modification of the 401k order, agreeing that the wife would receive $100,000.00 of the 401 k. A Qualified Domestic Relations order to that effect was signed by Judge Robaina on April 24, 2002.
The defendant moved to modify that order on June 6, 2002. The court denied his motion on June 27, 2002 because it lacked subject matter jurisdiction to modify the property distribution provisions of the judgment.
The plaintiff moved on April 23, 2002 to have the defendant held in contempt of court for for failing to pay the alimony required by the judgment. She moved on June 4, 2002 to have the defendant held in contempt of court for failing to transfer the stock options. Both motions were heard in an evidentiary hearing on June 27, 2002.
The judgment required that alimony would terminate on the plaintiffs remarriage, which occurred on January 18, 2002, or on "the cohabitation of the wife." There is no dispute that she cohabitated during the period that alimony was payable. However, the defendant has not moved for termination of alimony on that basis, and has not proven that the plaintiff was living with "another person under circumstances which the court finds should result in the modification, suspension, reduction, or termination of alimony because the living arrangements cause a change of circumstances as to alter the financial needs of that party." ConnecticutGeneral Statutes, Section 46b-86 (b); DeMaria v. DeMaria, 247 Conn. 715
(1999).
The defendant acknowledges that he has not paid the complete order, which included $250.00 per week for child support and $100.00 for alimony. Even when there was no dispute over cohabitation, he regularly paid $1,300.00 per month instead of the $1,516.66 required. Giving him credit for the payments he actually made (but not for the contributions he made to, for example, the child's bicycle) he has failed to pay $4,423.00. The wife claims that he failed to pay $5,950.00. The wife's analysis and credibility require the court to find that the arrearage is $5,950.00. However, the arrearage is offset by the plaintiffs underpayment of $931.50 in child support. The total arrearage is, therefore, $5,018.50.
He also failed to transfer the stock options to her. He recently CT Page 9491 learned that he could not do the transfer by QDRO, and in fact could not transfer the options. However, it was his responsibility to complete the transfer within a reasonable time after the judgment. The value of the options to the wife at the time of the judgment was $8,800.00.
The defendant is ordered to pay the plaintiff $13,818.50 plus $500.00 in attorney's fees. The sum of $7,500.00 shall be paid to the wife's attorney, as trustee, within three weeks. The balance of $6,318.50 shall be paid to the wife at the rate of $50.00 per week until paid in full. If the defendant decides to pay monthly, the monthly amount will be $216.66.
Orders will enter accordingly.
BY THE COURT,
GRUENDEL, J.